UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DANIELLA MARIE TADO,
IVORY SHENELL WASHINGTON,

   Plaintiffs,

v.

TRIDENT FINANCIAL NETWORK INC,
954 ENTERPRISES, INC,
ZENITH FINANCIAL NETWORK, INC.,
FRONTIER ENTERPRISES INC,
THE FIRM OF JOHNSTON & ASSOCIATES INC,
DAVE SIWIEC, BLAKE JOHNSTON,

   Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

  Plaintiffs, DANIELLA MARIE TADO and IVORY SHENELL WASHINGTON (collectively "Plaintiffs"), bring this action against Defendants, TRIDENT FINANCIAL NETWORK INC ("TRIDENT"), 954 ENTERPRISES, INC, ZENITH FINANCIAL NETWORK, INC. ("ZENITH"), FRONTIER ENTERPRISES INC ("FRONTIER"), THE FIRM OF JOHNSTON & ASSOCIATES INC ("J&A"), DAVE SIWIEC ("SIWIEC"), and BLAKE JOHNSTON ("JOHNSTON") (collectively "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

1

2. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, telephone calls to outside of Florida.

3. Defendant, TRIDENT, is a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of debt collections, was the "employer" of Plaintiffs as that term is defined under statutes referenced herein from about August 18, 2011 through present, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant, 954 ENTERPRISES, INC, is a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of debt collections, was the "employer" of Plaintiffs as that term is defined under statutes referenced herein throughout Plaintiffs' entire claims, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, FRONTIER, is a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of debt collections, was the "employer" of Plaintiffs as that term is defined under statutes referenced herein from about August 22, 2011 through present, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, ZENITH, is a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of debt collections, was the "employer" of Plaintiffs as that term is defined under statutes referenced herein from about October 15, 2012 through present, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7. Crown Financial Group, Inc was a Florida corporation from about December 1, 2009 through about August 22, 2011, had its principal place of business in South Florida, engaged in commerce in the field of debt collections, was the "employer" of Plaintiffs as that term is defined under statutes referenced herein from the start of each Plaintiff's respective claims through about August 22, 2011, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

8. To the extent that the above date ranges of employment overlap, Defendants, TRIDENT, 954 ENTERPRISES, INC, ZENITH, and FRONTIER, along with the dissolved corporation, Crown Financial Group, Inc, were and/or are joint employers of Plaintiffs under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

9. To the extent that the above date ranges of employment overlap, Defendants, TRIDENT, 954 ENTERPRISES, INC, ZENITH, and FRONTIER, along with the dissolved corporation, Crown Financial Group, Inc, are a single enterprise under the Fair Labor Standards Act, perform related activities through unified operation and common control for a common business purpose, engage along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10. Defendant, J&A, is a Florida corporation with its principal place of business in South Florida, engages in commerce in the field of debt collections, engages along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

11. J&A is a successor entity to TRIDENT; J&A and its owners had notice of TRIDENT's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between TRIDENT and J&A; J&A uses the same or substantially the

3

same work force as did TRIDENT; J&A uses the same or substantially the same supervisory personnel as did TRIDENT; J&A employs the same jobs under substantially the same working conditions as did TRIDENT; J&A uses the same machinery, equipment, and methods of production as did TRIDENT; J&A produces the same products and provides the same services as did TRIDENT; J&A has expressly and/or impliedly assumed TRIDENT's liabilities; J&A is a mere continuation of TRIDENT; and the change in entity from TRIDENT to J&A occurred for the purpose of Defendants to escape liability imposed by the FLSA.

12.     ZENITH is a successor entity to TRIDENT; ZENITH and its owners had notice of TRIDENT's liability under the FLSA before the change in entity occurred; there exists a substantial continuity of business operations between TRIDENT and ZENITH; ZENITH operates at the same location as did TRIDENT; ZENITH uses the same or substantially the same work force as did TRIDENT; ZENITH uses the same or substantially the same supervisory personnel as did TRIDENT; ZENITH employs the same jobs under substantially the same working conditions as did TRIDENT; ZENITH uses the same machinery, equipment, and methods of production as did TRIDENT; ZENITH produces the same products and provides the same services as did TRIDENT; ZENITH has expressly and/or impliedly assumed TRIDENT's liabilities; ZENITH is a mere continuation of TRIDENT; and the change in entity from TRIDENT to ZENITH occurred for the purpose of Defendants to escape liability imposed by the FLSA.

13.     Defendant, SIWIEC, is a resident of Palm County, Florida and was, and/or now is, the managing agent, director and/or owner of Defendants, TRIDENT, 954 ENTERPRISES, INC, ZENITH, and FRONTIER, along with the dissolved corporation, Crown Financial Group, Inc, acted and/or acts directly in the interests of these corporations in relation to their employees,

Defendant, SIWIEC, effectively dominated and/or dominates these corporations administratively or otherwise acts, or has the power to act on behalf of these corporations vis-a-vis their employees and had the authority to direct and control the work of others. Thus, Defendant, SIWIEC, was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

14. Defendant, JOHNSTON, is a resident of Broward County, Florida and was, and/or now is, the managing agent, director and/or owner of Defendants, TRIDENT and J&A, acted and/or acts directly in the interests of these corporations in relation to their employees, effectively dominated and/or dominates these corporations administratively or otherwise acts, or has the power to act on behalf of these corporations vis-a-vis their employees and had the authority to direct and control the work of others. Thus, Defendant, JOHNSTON, was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

15. In justifiable reliance upon Defendants' representations and promises, Plaintiffs accepted employment and began working for Defendants as debt collectors.

16. The records, if any, concerning the number of hours actually worked by Plaintiffs and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants; however, Plaintiffs estimated damages are as follows:

    a. Plaintiff Daniella Tado: $6,576.31 – See <u>Exhibit A</u>, *Plaintiff's Statement of Claim*

    b. Plaintiff Ivory Washington: $6,994.48 – See <u>Exhibit B</u>, *Plaintiff's Statement of Claim*

17. Despite Plaintiffs' continued demand for payment, Defendants have knowingly and willfully refused to tender payment and to date Defendants have failed to pay Plaintiffs their legally owed wages.

18. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

19. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

20. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-19 above as if set forth herein in full.

21. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

22. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## TRIDENT FINANCIAL NETWORK INC,
## 954 ENTERPRISES, INC,
## ZENITH FINANCIAL NETWORK, INC.,
## FRONTIER ENTERPRISES INC,
## THE FIRM OF JOHNSTON & ASSOCIATES INC

23. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-22 above as if set forth herein in full.

24. Plaintiffs entered into an oral contract for wages as described in Plaintiffs' Statements of Claims.

25. Plaintiffs worked for Defendants and did not receive the compensation promised.

26.     Defendants, therefore, wrongfully deprived Plaintiffs of wages that were due and owing and to which Plaintiffs are lawfully entitled under an oral contract for wages with Defendants.

27.     Plaintiffs have been damaged as a result of Defendants' failure to pay the agreed upon wages.

28.     Pursuant to Section 448.08, Florida Statutes, Plaintiffs are entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendants for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791