UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80175-CIV-DIMITROULEAS

DANIELLA MARIE TADO,
IVORY SHENELL WASHINGTON,

    Plaintiffs,
v.

TRIDENT FINANCIAL NETWORK INC,
954 ENTERPRISES, INC,
ZENITH FINANCIAL NETWORK, INC.,
FRONTIER ENTERPRISES INC,
THE FIRM OF JOHNSTON & ASSOCIATES INC,
DAVE SIWIEC, BLAKE JOHNSTON,

    Defendants.
_____/

## MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs, Daniella Marie Tado and Ivory Shenell Washington, and Defendants, Trident Financial Network Inc, 954 Enterprises, Inc, Zenith Financial Network, Inc., Frontier Enterprises Inc, The Firm of Johnston & Associates Inc, Dave Siwiec, and Blake Johnston (collectively "Defendants"), file this Motion for Approval of Parties' Confidential Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See* Lynn's Food Stores, Inc., 679 F.2d at 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also* Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. Counsel have engaged in extensive settlement negotiations and informal discovery. Plaintiff recognizes that there are jurisdictional issues as to both enterprise and individual coverage pursuant to <u>Thorne v. All Restoration Servs.</u>, 448 F.3d 1264 (11th Cir. 2006). There also exists uncertainty as to the number of hours Plaintiff actually worked as well as possible exemptions to overtime if this case were litigated. As such, Plaintiff may not have recovered anything had this litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement. The amount received by Plaintiff pursuant to the settlement agreement is more than Plaintiff would have likely have recovered had the case gone to trial for the aforementioned reasons.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice with the Court to retain jurisdiction to enforce the terms of the agreement.

Respectfully submitted,

| | |
|---|---|
| Dated: May 24, 2013 | Dated: May 24, 2013 |
| **KOZ LAW, P.A.** | **Law Office of Stephen M. Beyer P.A.** |
| Counsel for Plaintiffs | Counsel for Defendants |
| 80 S.W. 8th Street, Suite 2000 | 1200 N. Federal Highway, Suite 200, Office 25 |
| Miami, Florida 33130 | Boca Raton, Florida 33432 |
| Tel: (786) 924-9929 | Tel: (561) 416-5474 |
| Fax: (786) 358-6071 | Fax: (561) 892-6151 |
| By: /s/ Elliot A. Kozolchyk | By: /s/ Stephen M. Beyer |
| Elliot A. Kozolchyk, Esq. | Stephen M. Beyer, Esq. |
| Florida Bar No.: 74791 | Florida Bar No.: 140012 |