<strong>SETTLEMENT AGREEMENT<br>AND MUTUAL GENERAL RELEASE</strong>

TRIDENT FINANCIAL NETWORK INC including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, 954 ENTERPRISES, INC including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, ZENITH FINANCIAL NETWORK, INC. including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, FRONTIER ENTERPRISES INC including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, THE FIRM OF JOHNSTON & ASSOCIATES INC including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, DAVE SIWIEC, including his heirs, representatives, attorneys, successors, and assigns, BLAKE JOHNSTON, including his heirs, representatives, attorneys, successors, and assigns (hereinafter collectively referred to as "Defendants") and DANIELLA MARIE TADO, including her heirs, representatives, attorneys, successors, and assigns, and IVORY SHENELL WASHINGTON, including her heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Plaintiffs"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

**Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiffs' employment with, or the separation of their employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit of *Daniella Marie Tado and Ivory Shenell Washington v. Trident Financial Network Inc, 954 Enterprises, Inc, Zenith Financial Network, Inc., Frontier Enterprises Inc, The Firm of Johnston & Associates Inc, Dave Siwiec, Blake Johnston,* Case No. 13-cv-21298, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the

"Litigation").

1. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiffs as set forth herein, the Parties agree to settle this matter for a total of $15,640.55, which shall be made payable to "Koz Law, P.A. IOTA Trust Account" and delivered to Koz Law, P.A. according to the following payment schedule:

| Payment | Amount | Due Date |
|---|---|---|
| First | $ 5,500.00 | Within 10 days after the earliest date that any Defendant executes this settlement agreement |
| Second | $ 5,500.00 | Within 30 days after the first payment |
| Third | $ 4,640.55 | Within 30 days after the second payment |

2. Out of the settlement proceeds, Plaintiff DANIELLA MARIE TADO is receiving $4,361.34, Plaintiff IVORY SHENELL WASHINGTON is receiving $4,638.66, and Plaintiff's counsel is receiving $6,640.50 as fees and costs.

3. **Default Provision**: Should Defendants fail to make payments of the settlement funds pursuant to paragraph 1 of this agreement, Plaintiffs' counsel shall give written notice via email to Defendants' counsel, Stephen Beyer, at steve@smbeyerlaw.com. In the event Defendants fail to cure said breach within 5 days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally in the amount of $20,640.50. The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in enforcing said settlement agreement.

4. **Mutual Covenant of Confidentiality.** The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiffs' spouses, counsel, accountants, Defendants' spouses, counsel, accountants, pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiffs' counsel and Defendants' counsel.

5. **Indemnification.** Plaintiffs acknowledge and agree that it shall be solely and exclusively Plaintiffs' obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiffs shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiffs hereunder, including, without limitation, Plaintiffs, the IRS, or any other person.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims

asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

      7.     **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiffs, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

      8.     **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

      9.     **Dismissal of Lawsuit**. Within five business (15) days of signing this Agreement by Defendants and delivery to Plaintiffs' counsel of a fully executed copy of this agreement, Plaintiffs' Counsel agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiffs in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

      10.    **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

      11.    **Entire Agreement**. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

      12.    **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

      13.    **Voluntariness.** Plaintiffs certify that Plaintiffs have fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiffs have been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiffs are signing freely and voluntarily, and without duress, coercion, or undue influence.

      14.    **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

DANIELLA MARIE TADO

By: _____
    DANIELLA MARIE TADO

Date: _____

TRIDENT FINANCIAL NETWORK INC

By: _____*[signature]*_____

Print Name: __Blake Johnston_____

Title: _____

Date: _____

IVORY SHENELL WASHINGTON

By: _____
    IVORY SHENELL WASHINGTON

Date: _____

954 ENTERPRISES, INC

By: _____*[signature]*_____

Print Name: __David Siwiec_____

Title: _____

Date: _____

DAVE SIWIEC

By: _____*[signature]*_____
    DAVE SIWIEC

Date: _____

FRONTIER ENTERPRISES INC

By: _____*[signature]*_____

Print Name: __David Siwiec_____

Title: _____

Date: _____

BLAKE JOHNSTON

By: _____*[signature]*_____
    BLAKE JOHNSTON

Date: _____

THE FIRM OF JOHNSTON & ASSOCIATES INC

By: _____*[signature]*_____

Print Name: __Blake Johnston_____

Title: _____

Date: _____

DANIELLA MARIE TADO

By: *(signature)* Daniella Marie Tado
　　　DANIELLA MARIE TADO

Date: 5-20-13

TRIDENT FINANCIAL NETWORK INC

By: _____

Print Name: _____

Title: _____

Date: _____


IVORY SHENELL WASHINGTON

By: _____
　　　IVORY SHENELL WASHINGTON

Date: _____

954 ENTERPRISES, INC

By: _____

Print Name: _____

Title: _____

Date: _____


DAVE SIWIEC

By: _____
　　　DAVE SIWIEC

Date: _____

FRONTIER ENTERPRISES INC

By: _____

Print Name: _____

Title: _____

Date: _____


BLAKE JOHNSTON

By: _____
　　　BLAKE JOHNSTON

Date: _____

THE FIRM OF JOHNSTON & ASSOCIATES INC

By: _____

Print Name: _____

Title: _____

Date: _____

| | |
|---|---|
| DANIELLA MARIE TADO | TRIDENT FINANCIAL NETWORK INC |
| By: _____<br>　　　DANIELLA MARIE TADO<br><br>Date: _____ | By: _____<br><br>Print Name: _____<br><br>Title: _____<br><br>Date: _____ |
| IVORY SHENELL WASHINGTON | 954 ENTERPRISES, INC |
| By: _[signature]_____<br>　　　IVORY SHENELL WASHINGTON<br><br>Date: 5/20/13 | By: _____<br><br>Print Name: _____<br><br>Title: _____<br><br>Date: _____ |
| DAVE SIWIEC | FRONTIER ENTERPRISES INC |
| By: _____<br>　　　DAVE SIWIEC<br><br>Date: _____ | By: _____<br><br>Print Name: _____<br><br>Title: _____<br><br>Date: _____ |
| BLAKE JOHNSTON | THE FIRM OF JOHNSTON & ASSOCIATES INC |
| By: _____<br>　　　BLAKE JOHNSTON<br><br>Date: _____ | By: _____<br><br>Print Name: _____<br><br>Title: _____<br><br>Date: _____ |